## LINDSLEY *v.* SMITH.

1. HUSBAND AND WIFE — SEPARATE ESTATE — AGENCY OF HUS-
BAND.
 Where a wife stated to plaintiffs, lumber dealers, that if she
 could sell her house she would buy lumber of them and build
 another, and subsequently she did sell her house, after which
 her husband, claiming to act as her agent, ordered lumber on
 her credit, from which a house was built for·her, and for
 which she paid in part, an inference of her liability arises,
 without violence to the rule forbidding the use of·the declara-
 tions of an agent to establish agency, or the rule that there is
 no presumption of the authority of a husband to act for his
 wife.

2. SAME—RATIFICATION—INSTRUCTIONS—PROPRIETY.
 Though there is no positive testimony of knowledge to support
 an instruction that defendant, a married woman, might be
 held liable for goods purchased by her husband, representing
 himself to be her agent, on the ground that she remained
 silent knowing that the goods were being furnished upon·her
 credit, the giving of such instruction is not error, where the
 inference of knowledge may be drawn from the testimony.

Error to Cass; Des Voignes, J. Submitted November
11, 1907. (Docket No. 150.) Decided December 30,
1907.

Assumpsit by John A. Lindsley and Edwin M. Lind-
sley, copartners as J. A. Lindsley & Company, against
Lydia A. Smith for goods sold and delivered. There was
judgment for plaintiffs, and defendant brings error.
Affirmed.

*John Wooster*, for appellant.
*Charles E. Sweet*, for appellees.

The plaintiffs are copartners engaged in selling lum-

ber by retail in the village of Dowagiac, Cass county. The defendant is a married woman, the wife of Leroy Smith, also a resident of said village of Dowagiac. This suit is brought to recover $89.02, the balance unpaid on a bill of $389.02 for lumber furnished by plaintiffs in the construction of a house upon a farm situated just outside said village of Dowagiac, belonging to defendant. The cause was tried before a jury. The plaintiffs introduced testimony which tended to prove the following material facts,—and we state this testimony, as we should, most favorably to plaintiffs.

The lumber was ordered by defendant's husband who claimed to be acting as defendant's agent, and it was sold on defendant's credit. A short time before this lumber was furnished, defendant said to one of the plaintiffs that if she could procure a purchaser for the house in which she was then living, she would buy lumber from them (plaintiffs) to build another house. Shortly thereafter this house was sold,—though not to a customer furnished by plaintiffs,—the defendant purchased the farm heretofore mentioned, and soon thereafter the house, in the construction of which the material in controversy was used, was erected thereon. After most, though not all, of the material in question had been delivered, defendant came to plaintiffs' place of business with her husband "and paid $300 on the bill." Subsequently defendant sold the property upon which the house was erected and received payment therefor. Defendant introduced no testimony. The trial court left it to the jury to say whether the defendant's husband had any agency to act for her. He charged them in effect that they might find her liable on the ground of ratification, and also that if defendant "had knowledge of this material being furnished * * * upon her credit, if she did not desire to become liable * * * it was her duty promptly to disaffirm the conduct of her husband, and bring it to the notice of the plaintiffs." The jury rendered a verdict for the plaintiffs for the full amount of their claim.

CARPENTER, J. (*after stating the facts*). Defendant insists that the trial court erred in not directing a verdict in her favor. She invokes the rules that "the declarations of an agent are not admissible to establish an agency;" and that "there can be no presumption of the husband's authority to act for his wife." Both these rules are conceded. Neither of them was violated in the trial of this case. Defendant's previously declared intention of building a house, the payment she made on account of these materials, and the fact that they were sold on her credit are circumstances of significance, and they, taken in connection with the other circumstances in the case, justify, if they do not require, the inference of her liability. This holding is not inconsistent with the Michigan cases relied upon by defendant. *Hillier* v. *Eldred*, 91 Mich. 54, is of those cases the most favorable to defendant. In that case it was held that defendant, a married woman, was not responsible for material furnished by plaintiff and used in building a barn upon her land. That case is readily distinguished from this case. The material in question there was furnished, not on the credit of defendant, but on the credit of her son, and defendant never "paid a dollar upon the contract or agreed to pay a dollar upon it."

Defendant also contends that the trial court erred in charging the jury that they might find her liable upon the ground of ratification, and upon the ground that she remained silent knowing that this material was "being furnished upon her credit." The precise ground of this complaint is that there was no evidence that defendant knew that the material was being furnished on her credit. It is true that there was no positive testimony of such knowledge, but the inference that defendant had such knowledge might properly be drawn from the testimony. From the fact that she went with her husband and paid $300 on the bill—a bill charged to her by plaintiffs—it may

be inferred that she had knowledge that the material was furnished on her credit.

No other complaint demands discussion.

The judgment is affirmed.

McALVAY, C. J., and GRANT, BLAIR, and MOORE, JJ., concurred.